DAVIS, Director General, *v.* DAY.

[89 South. 814.   No. 22033.]

1. CARRIERS.  *Directing verdict for plaintiff is error where proof of injury is inconclusive.*

   It was error for the court to peremptorily instruct the jury to find damages for plaintiff where the proof of injury and the cause of it is not certain and conclusive.

2. CARRIERS.  *Where passenger leaves station, but returns within thirty minutes after arrival, held that relation of passenger did not cease.*

   Under section 4867, Code of 1906 (section 7652, Hemingway's Code),

it is the duty of railroads to heat and light their passenger waiting rooms for thirty minutes after the arrival of trains for use of disembarking passengers, and where a passenger intends using the room, but does not because it is not heated and lighted, and goes away, but returns, the relation of passenger does not, for this reason, cease during the statutory thirty minutes.

3. CARRIERS. *Proof of carrier's violation of statute does not warrant damages in absence of proof thereof.*

Mere violation of the statute does not warrant recovery of damages in absence of proof of injury to passenger entitled to use waiting room.

APPEAL from circuit court of Clarke county.

HON. J. D. FATHEREE, Judge.

Action by Eva C. Day against James C. Davis, Director General, Agent, etc., for the Mobile & Ohio Railroad Company. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

*J. M. Boone,* for appellant.

The peremptory instruction for the defendant ought to have been granted in this case. The statute upon which this suit is based was for the protection of passengers, and passengers alone. Plaintiff came into Shubuta on a passenger train with her husband and two little girls. It is the declaration and purpose of the statute that the station must be kept open and comfortable for passengers thirty minutes after the departure of a train; this length of time being considered by the legislature sufficient to enable the passengers to secure their baggage and make preparation to depart from the railroad to a place to which they were going. While it is true that it would seldom occur that it would take a passenger thirty minutes to get ready to leave the depot premises, this period of time was fixed to be sufficient in duration to cover all cases. Plaintiff testified that it was her purpose as soon as she got off the train at Shubuta to go to a hotel and that it was not her object or purpose to spend the night in the waiting room

at the depot.  She further states that she and her husband
and children went to both hotels in the town and could not
get in and thereupon returned to the depot.  She further
stated that just before starting to the hotel she went to
the depot waiting room and saw no fire or light therein, so
they immediately left to hunt a hotel.

The above statement of fact is uncontradicted evidence
in this case, as plaintiff herself was the only witness who
testified in the case.  Our contention is that when they left
the depot to go to a hotel her relation as passenger to the
defendant and the duty of defendant to her as a passenger
ceased, and all that happened to plaintiff after that was a
matter about which defendant owed her no duty.

It certainly cannot be contended that the failure to have
a fire and light in the station before plaintiff left the sta-
tion to go to the hotel contributed in the slightest degree to
the cold she claimed to have caught that night, and it
was clearly the duty of the court, although the depot was
dark and cold, to grant the peremptory instruction for the
defendant, as the violation of the statute did not in and of
itself make defendant liable to plaintiff whether she was
damaged thereby or not.  Conceding that the statute was
violated, yet plaintiff must show she was damaged thereby
while, and while only her relation to defendant as a pas-
senger existed.

*Martin Miller,* for appellee.

The first assignment of error  complained of and dis-
cussed in defendant's brief is that the court erred in grant-
ing a peremptory instruction in favor of the plaintiff.

The provisions of section 4867 of the Code of 1906, are
plain, and the defendant utterly disregarded same,  and
it is wholly undisputed in the record that plaintiff's in-
juries were caused by the failure of the defendant com-
pany to comply with these plain provisions of the stat-
ute.

Defendant now contends that provisions of the statute
did not apply to plaintiff because it was her intention upon
disembarking from the train at Shubuta to go to the hotel

to spend the night, and not spend the night in the depot at Shubuta, but repeatedly she testified and her testimony is not contradicted, that it was her purpose to go into the waiting room at the depot at Shubuta, the obvious purpose of this being to wait until her husband could secure lodging for them for the night. We have her testifying that she stood in the middle of the streets while her husband went to the Crown Hotel because she was afraid to stay in the waiting room at the depot in the condition that it was in.

On page one of the defendant's brief, we have the following statement—"Our contention is that when they left the depot to go to a hotel, her relation as passenger to the defendant and the duty of the defendant to her as a passenger had ceased, and all that happened to plaintiff after that was a matter about which the defendant owed her no duty."

It would be a startling announcement of the law if defendant's contention as to this, under the peculiar facts of this case is true, it would be announcing that the defendant could take advantage of his own wrong and escape the plain provisions of the statute thereby. In other words, it would be tantamount to saying that while the legislature of the state of Mississippi made it your duty to heat and light your station for the convenience of this lady and made you liable for any injuries caused from your failure to comply with this statute, yet because you did fail to comply with it and because of the darkness and coldness of your waiting room you drove this lady from your premises, you are not liable. The defendant cannot take advantage of his own wrongs and shield himself from the provisions of this statute. Not even the cold and the dampness was as terrifying to this lady as the dark and deserted premises of the defendant's station. The record is the best answer to the defendant's contention as to this point, but in passing I want to call the court's attention to the case of *Chicago, R. I. & P. Ry. Co.* v. *Wood,* 104 Fed. Rep. 633.

Plaintiff only asked for and obtained one instruction which is as follows: "The court instructs the jury for

Instructions.

the plaintiff that it is their duty under the law to find for the plaintiff and to assess her damages at such a sum as will fully compensate her for the injuries and wrongs she suffered at the hands of defendants and that in doing this it is their duty to allow her damages for the failure of defendants to have the depot at Shubuta properly lighted and heated for one-half hour after the departure of said train and for any suffering from sickness, cold and exposure she may have suffered from said failure and neglect, said verdict not to exceed five hundred dollars.

Defendant's first complaint about the above instruction is that it is erroneous in instructing the jury peremptorily to find for the plaintiff. We have already discussed this feature and can but add that under the peculiar and undisputed facts in this case, it was the duty of the court to instruct the jury to find for the plaintiff.

HOLDEN, J., delivered the opinion of the court.

The appellee, Mrs. Eva C. Day, recovered a judgment for five hundred dollars against the appellant agent of the railroad company for its failure to heat and light its passenger waiting room at Shubuta, under section 4867, Code of 1906 (section 7652, Hemingway's Code), and the agent appeals.

The appellee, Mrs. Day, with her husband and two children, boarded the passenger train at Mobile and arrived at Shubuta at twelve o'clock at night in February, 1920. The weather was extremely cold. Mrs. Day disembarked and went to the waiting room, took hold of the door, and found the room was unlighted and unheated. She intended to go in the waiting room, but, finding there was no heat or light, she thereupon went with her husband and children in search of a room for the night at the hotels in the town. They failed to find accommodations at the hotels and returned to the depot in about ten minutes and went into the

waiting room and stayed there the balance of the night in the cold, and then left early in the morning for the home of a kinsman some thirteen miles in the country. The journey to the country was made in a wagon, and the parties took the trip without having eaten any breakfast before leaving, and were several hours in the cold before reaching their destination. Mrs. Day testified that she took a bad cold, was confined to bed one day and suffered with the cold for about six weeks thereafter.

As to whether she took the bad cold before she returned from the hotel to the waiting room or whether she took the cold in the waiting room, or on the road in the wagon the next day, her testimony is not clear and certain. Whether she took cold or suffered in any substantial way from the cold weather immediately after she found that there was neither light nor heat in the waiting room, which resulted in causing her to stay on the outside of the waiting room, her testimony does not positively and conclusively show in this record.

The proof in the case shows without dispute, therefore conclusively, that the railroad agent failed to heat and light the waiting room for the use of passengers for thirty minutes after the arrival of the train. It is also undisputed that Mrs. Day intended to go into the waiting room immediately upon her arrival, but did not do so because there was no fire or light in the room. It is thus undisputed that she was denied the use of a heated and lighted waiting room, causing her to remain in the cold for a considerable time, but whether this denial of a heated waiting room resulted in substantial discomfort and injury the testimony does not conclusively show. The railroad company made no denial of the facts shown; it appearing that the agent failed to heat the waiting room because he did not know there was a passenger desiring to use it.

At the conclusion of the testimony for the plaintiff below, the defendant offered no testimony. A peremptory instruction to find for the plaintiff as to liability was granted,

and the jury returned a verdict for five hundred dollars, the full amount sued for in the case.

The principal contentions of the appellant for reversal are that no liability of the railroad is shown because the appellee, Mrs. Day, did not enter the waiting room when she got off the train, but went to the hotel, and thereby the relation of passenger and carrier ceased, and no damage was shown before such relations ceased, and the damage of getting cold in the waiting room after she returned from the hotel to the waiting room and there remained all night was an injury received at a time, if at all, when the railroad was under no obligation to furnish a heated waiting room for her, since she was no longer a passenger; and, second, that the proof of injury and damage is insufficient with reference to when and where she took a bad cold, and that, if she in fact suffered from cold, she contracted it, not while in the waiting room nor while she was attempting to get into the waiting room, but that the cold was contracted while driving into the country the next day, or that it was contracted while waiting in the waiting room after the expiration of the thirty minutes following the arrival of the passenger train which brought her to Shubuta.

After a most careful consideration of the testimony in this record, we are convinced that the proof of injury and damage to the appellee is not certain and conclusive, and therefore the granting of the peremptory instruction for the plaintiff was error. We deem it unnecessary to pass upon the question of an excessive verdict or whether the cold was contracted on the outside of the waiting room or on the inside during the thirty-minute period after the arrival of the train, because these are questions of fact for the jury on a new trial.

The contention of counsel for the appellant that the relation of passenger and carrier had ceased because the appellee did not enter the waiting room upon finding that it was dark and unheated is untenable, for the reason that the relation existed at the time the passenger intended and attempted to enter the waiting room, but did not do so be-

cause the appellant had failed to comply with the law requiring that the room should be lighted and heated for thirty minutes for the use of disembarking passengers after the departure of the train, and continued for the thirty minutes. Therefore the passenger was denied the use of a heated waiting room for thirty minutes, during which time she was compelled to endure the cold weather either inside or outside of the waiting room. This may have resulted in great discomfort to the passenger, and may even have resulted in her taking a bad cold, causing her to suffer many weeks thereafter.

We do not think the mere violation of the statute requiring that the room be lighted and heated gives a right to recover damages, because, in addition to showing the violation of the statutes, it is also necessary to show that the violation resulted in injury to a passenger having the right to use the waiting room. But we think the proof sufficient here for a jury to determine whether or not the appellee was substantially damaged on account of the failure of the railroad company to furnish a heated and lighted waiting room.

The testimony of the plaintiff below substantially tended to show that she was caused to endure the cold, and probably suffered therefrom, because the room was not heated and lighted; yet this proof is not conclusive that she was thereby damaged, because the other facts and circumstances in the case tend to dispute the claim that she received the bad cold on account of being deprived of a warm waiting room, or that she contracted the bad cold during the thirty minutes' time in which the railroad was under obligation to furnish a heated waiting room. That she may have contracted the cold on her way to the country in the wagon the next day, or that she took the cold while in the waiting room after the expiration of the statutory thirty minutes, are questions of fact that should have been passed upon by the jury.

The record shows an unusual case, in this, that the appellee, with her husband and two children, was unable to

get accommodations for the night at a hotel, and if it had not been for the housing shelter afforded them by this friendly waiting room on that extremely cold night, in which they might have built a fire, they would have had to stay out in the open weather all night, which probably \. .uld ave resulted in greater injury than that shown in this record. This fact, however, is not material to the decision of the case, but it cannot escape attention in connection with the other features of the case upon which the claim for damage is predicated.

The judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*